Willie Thornton v. State of Texas














IN THE
TENTH COURT OF APPEALS
 

No. 10-00-222-CR

Â Â Â Â Â JAMES HAMEY BORDAGES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 351st District Court
Harris County, Texas
Trial Court No. 817208
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant James Hamey Bordages was convicted by a jury of the offense of possession of
cocaine in an amount less than one gram and was sentenced to seventeen yearsâ confinement after
pleading âtrueâ to the indictmentâs two enhancement paragraphs. He appeals, alleging in two
points that the evidence was legally and factually insufficient to support his conviction. We will
affirm.
Â Â Â Â Â Â Cocaine was found in a pocket of appellantâs shorts. His specific complaint on appeal is that
there was insufficient evidence proving that he knew what was in his shorts. According to
appellant, because his own pants were soiled, he borrowed the shorts from a co-worker and
changed his clothes only âa momentâ before the arrest. Appellantâs theory was contradicted by
the testimony of a police officer, who testified appellant had been under surveillance and that he
was not seen changing his clothes. During the arrest, appellant made false statements, including
false identification, but never indicated the shorts he was wearing were not his.
Â Â Â Â Â Â In reviewing the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert.
denied, 507 U.S. 975 (1993). The critical inquiry is whether, after so viewing the evidence, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522 U.S. 844
(1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 
Â Â Â Â Â Â In determining the legal sufficiency of the evidence to show appellant's intent, and faced with
a record that supports conflicting inferences, we "must presume â even if it does not affirmatively
appear in the record â that the trier of fact resolved any such conflict in favor of the prosecution,
and must defer to that resolution." Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).
Â Â Â Â Â Â The jury in appellantâs case heard contrasting versions of the events leading to the arrest and
heard counsel for both sides advance their respective positions during jury argument. Viewing
the evidence in the light most favorable to the verdict, we rule the evidence was legally sufficient
to prove the shorts appellant wore at the time of his arrest were his. Appellant was wearing the
shorts, the shorts contained cocaine, and the jury was free to disbelieve appellantâs claim that he
had just put the shorts on in the street and had no connection to the cocaine found in the shorts
pocket.
Â Â Â Â Â Â In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is
factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse
finding is against the great weight and preponderance of the available evidence. Johnson, 23
S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Id. In performing this review, we are to give due
deference to the fact finderâs determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. 
Consequently, we may find the evidence factually insufficient only where necessary to prevent
manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). As noted above, the jury heard two versions of the events leading to appellantâs
arrest. The juryâs implicit determination that the shorts appellant wore were his is not greatly
outweighed by contrary proof. In other words, the jury was free to disbelieve appellantâs
testimony that his shorts belonged to someone else. Giving due deference to the juryâs
determination, we are constrained to overrule appellantâs factual sufficiency challenge.
Â Â Â Â Â Â Points one and two are overruled, and the trial courtâs judgment is affirmed.
Â 
DAVID L. RICHARDS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed June 19, 2002
Do not publish
[CR25]



 at the scene, Hardaway had just arrived at the scene as well. 
On re-cross-examination, the following exchange between the State, Sparks,
defense counsel, and the Court occurred.

State:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Do you not remember
telling me that when you 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  would sell those
drugs that were, that day that Harry 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  would go inside
the house?

Â 

Witness:Â Â Â Â Â Â Â Â  Yeah, I never said that
house.Â  I said my grandfatherÂs 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  house next door.

Â 

State:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  He would go inside
your grandfatherÂs house; right?Â  

Â 

Witness:Â Â Â Â Â Â Â Â  Yes, sir.

Â 

State:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  So how could he be
there for just two minutes when 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  youÂre doing,
when youÂre selling drugs and heÂs 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  going in Â he
just happened to go inside every time 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  you were selling
drugs?

Â 

Witness:Â Â Â Â Â Â Â Â  It wasnÂt his day.Â  I
said my grandfatherÂs house. 

When I caught this charge, I was next
door at that 

house.Â  And Harry had just walked up,
thatÂs what I 

told him.

Â 

Defense:Â Â Â Â Â Â Â Â  Okay, your Honor, then
IÂm going to renew my 

objection to relevance because I think
that weÂre

talking about some other time, some
other, some

other deal.Â  WeÂre not talking here Â
are you talking 

about that day or are you talking about
some other 

time?

Â 

Witness:Â Â Â Â Â Â Â Â  He just asked me, I was
just asked if Harry had been

around once when I was selling drugs.

Â 

Defense:Â Â Â Â Â Â Â Â  Okay.Â  Thank you.Â  But
the testimony you are giving

right now has nothing to do with that
day, does it?

Â 

Witness:Â Â Â Â Â Â Â Â  No, sir. 

Â 

State:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  WeÂll move on,
judge.

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  All right.Â  IÂll
sustain it.Â  Do you want an instruction,

Â [counsel]?

Â 

Defense:Â Â Â Â Â Â Â Â  Yeah, I want an
instruction, your Honor.

Â 

State:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  WeÂll, actually
weÂll withdraw the question and then

weÂll ask that -

Â 

Defense:Â Â Â Â Â Â Â Â  Your Honor, I ask for,
one, I want to renew my

objection.

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  Okay.

Â 

Defense:Â Â Â Â Â Â Â Â  Is that objection
granted to the relevance?

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  ThatÂs, if weÂre Â
are we talking about another day?

Â 

Defense:Â Â Â Â Â Â Â Â  Yeah, things that,
apparently it looks to me that Â

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  That is granted.

Â 

Defense:Â Â Â Â Â Â Â Â  And I want to ask that
it be stricken from, that his

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  testimony with
regard to things from other than that 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  day be stricken
from the record.

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  It will be stricken
from the record.Â  The jury is

instructed to disregard any testimony
about any other

day other than the day in question which
is Â

Â 

***

Â 

Defense:Â Â Â Â Â Â Â Â  February 6th, 2009.

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  Okay.

Â 

Defense:Â Â Â Â Â Â Â Â  And IÂm further going
to ask for a mistrial, your 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Honor.

Â 

Court:Â Â Â Â Â Â Â Â Â Â Â Â  That mistrial is
denied.

Â 

When the trial court sustains a
defendantÂs objection, grants a requested instruction to disregard, but denies
a motion for mistrial, the issue is whether the refusal to grant the mistrial
was an abuse of discretion.Â  Hawkins v. State, 135 S.W.3d 72, 76-77
(Tex. Crim. App. 2004).Â  Only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required.Â  Id. at 77.Â  Although this case
does not present an improper argument issue, we still use the Mosley
factors in determining whether the answers given in response to the
prosecutorÂs questions warranted a mistrial: (1) severity of the misconduct
(the magnitude of the prejudicial effect of the prosecutor's remarks), (2)
measures adopted to cure the misconduct (the efficacy of any cautionary
instruction by the judge), and (3) the certainty of conviction absent the
misconduct (the strength of the evidence supporting the conviction).Â  Ramon
v. State, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

Assuming without deciding that the
question asked by the State was improper, the impropriety was not severe.Â  The
StateÂs question could be read as asking what Hardaway had done the day of the
offense.Â  It was HardawayÂs counsel that emphasized the StateÂs question may have
been about prior activities.Â  Even the trial court had to clarify what day was
being referred to in the question.Â  Further, the trial court struck the
testimony and instructed the jury to disregard any testimony about any other
day other than the day of the offense.Â  This instruction was clear and
specific.Â  Finally, the evidence against Hardaway, even though circumstantial,
was sufficient to convict Hardaway even without the question asked by the
State.Â  Accordingly, the trial court did not abuse its discretion in denying
HardawayÂs motion for mistrial.Â  This issue is overruled.

Conclusion

Having overruled each issue properly
presented on appeal, we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Affirmed

Opinion
delivered and filed March 30, 2011

Do
not publish

[CR25]